

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

u784

Dear Sir:

Opinion No. 0-4784
Re: Right of a school district
to hold an insurance policy
issued by a mutual fire in-
surance company if the pre-
miums are paid by third
parties.

We have your letter of recent date requesting the opinion of this department on the above subject. Your letter reads in part as follows:

"You will recall that your opinion No. 0-924 and the Supreme Court case of Lewis vs. Independent School District of the City of Austin, et al, 161 S.W. 2d 450 hold that Article 4860a-8 R.C.S. is unconstitutional, and that therefore school districts have no right to purchase insurance in Mutual Fire Insurance Companies.

"In view of the above holdings, I would like to submit the following question for your opinion:

"Would a policy of insurance be binding upon the fire insurance company if it issued a policy to the school district if the premiums were not paid with school funds belonging to the district, but by individual patrons of the district?

"It is my opinion that in view of Article 3 Section 52 of the Texas Constitution and the case of Lewis vs. Independent School District of the City of Austin, 161 S.W. 2d 450, the school district could not legally enforce payment if it suffered a loss on a policy of insurance issued

794

to it by a Mutual Fire Insurance Company.  It is evident that regardless of who paid the premium, the school district would still be a stockholder in such association or company, which is in direct violation of Article 3 Section 52 of the Texas Constitution which provides in part as follows:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the state, to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.'

"As your opinion No. 0-924 clearly indicates the school district would 'become a stockholder in such corporation, association or company' whenever a policy of insurance is issued to it by a Mutual Fire Insurance Company.

"Since the Constitution and the Supreme Court specifically hold that school districts have no right or authority to enter into such contracts, such contracts are clearly ultra vires.

". . . ."

Your letter continues by citing 10 Tex. Jur. pp. 185 to 187 and by stating your conclusion that a fire insurance policy issued by a mutual company on property belonging to a school district could not be enforced by the district after it had suffered a fire loss on such property.

Your question as we understand it may be restated as follows:  If a mutual insurance company issues a policy of fire insurance on property belonging to a school district and such policy is retained by the district but the premiums thereon are paid by individuals within the district, and, thereafter, such district sustains a fire loss on such property, could the district enforce the policy against the mutual insurance company?

We adhere to the holding of this department in Opinion No. 0-924 by Mr. Benjamin Woodall.  Such opinion

is now directly supported by the decision of our Supreme
Court in the case of Lewis vs. Independent School District
of the City of Austin, 161 S. W. (2) 450, which is cited
in your letter. It follows that the school district itself
has no legal right to purchase a policy of fire insurance
from a mutual company.

The decision in the Lewis case is not based upon
a lending of the school district's credit. The opinion
recognizes that the liability of the policyholder in that
case was limited to the premium specified in the policy.

On the contrary such decision is based squarely
on the ground that the policyholder in a mutual insurance
company becomes in effect a stockholder and the constitu-
tional provision quoted by you prohibits a school district
from becoming such a stockholder. It follows that the mere
fact that premiums were paid by third parties would not af-
fect the school district's right or lack of right to become
a policyholder in a mutual insurance company. We therefore
agree that the contract of insurance is illegal even though
the premium is not paid by the school district.

As we understand your letter no policy has as yet
been issued by the mutual company to the school district and
therefore the question as to whether or not there is any
principle or method by which the district could collect for
its loss after a fire occurred is purely hypothetical and
we do not believe this department should express an opinion
thereon.

We hope that this opinion will be helpful to you
in the determination of your problem.

Yours very truly

APPROVED SEP 17, 1942

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Donald Gay
Assistant

DG:mp



APPROVED
OPINION
COMMITTEE
BY